**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

CHARLES EDDIE FOSTER, JR.,          *
ADC #147301                         *
                                    *
                Plaintiff,          *
vs.                                 *          No. 4:10-cv-01416- SWW-JJV
                                    *
BOYD TACKETT, JR.                   *
                                    *
                Defendants.         *

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.   Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, Charles Eddie Foster, Jr., an inmate at the Cummins Unit of the Arkansas Department of Correction (ADC), initiated this lawsuit pursuant to 42 U.S.C. § 1983.[1]   The allegations in the Complaint relate to Defendant's representation of Plaintiff in a state criminal case.

Pursuant to 28 U.S.C. §§ 1915A(a) and 1915A(b)(1),(2), the Court is required to screen complaints seeking relief against an officer or employee of a governmental entity, and must dismiss a complaint if the claims raised are legally frivolous, malicious, fail to state a claim or seek monetary relief from a defendant immune from such relief.  An action is frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[1]Plaintiff filed this case while incarcerated at the Faulkner County Jail.  Recent mailings have been returned as undeliverable.  A check of the ADC website shows Plaintiff is presently in ADC custody at the Cummins Unit.  The Clerk shall mail a copy of this Proposed Findings and Recommended Disposition to Plaintiff at the Cummins Unit of the ADC, P.O. Box 500 Grady, AR 71644-0500.

In reviewing a *pro se* complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weight all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

After careful review of Plaintiff's Complaint, the Court finds that dismissal is required because Plaintiff fails to state a claim for which relief may be granted. "As a matter of substantive constitutional law the state-action requirement reflects judicial recognition of the fact that 'most rights secured by the Constitution are protected only against infringement by governments[.]'" *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) (quoting *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 156 (1978)). In order to state a viable claim under § 1983, Plaintiff's must implicate the deprivation of a constitutional right "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory," more commonly known as "state action" or "under color of state law." *Lugar*, 457 U.S. at 929.

*Lugar* sets forth a two-part test for determining whether the deprivation of a federal right could fairly be attributable to the state: (1) "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and (2) "the party charged with the deprivation must be a person who may fairly be said to be a state actor, either because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Id.* at 937.

In considering the *Lugar* factors, the Court first notes that individuals like Mr. Tackett, a private attorney, are generally not considered to be state actors. *Chambers v. Kaplan*, 648 F.2d 1193, 1194 (8th Cir. 1981). While a private individual could act under color of law in certain

3

circumstances, a showing of a conspiracy or other joint activity with state actors would be required.

*Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150-52 (1970).  In this particular case, however,

Plaintiff alleges only that Defendant's representation was ineffective.  Accordingly, he fails to state

a claim upon which relief may be granted and his case should be DISMISSED with prejudice.

IT IS, THEREFORE, RECOMMENDED that:

1.      Pursuant to 28 U.S.C. §1915A(b)(1), Plaintiff's Complaint be DISMISSED with

prejudice for failure to state a claim upon which relief may be granted.  The requested relief should

be denied and any pending motions be denied as moot

2.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis*

appeal from the Judgment and Order adopting these recommendations would not be taken in good

faith.

3.      This dismissal should be counted as a "strike" within the meaning of 28 U.S.C

§ 1915(g).[2]

DATED this 15th day of October, 2010.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2]The Prison Litigation Reform Act (PLRA), 28 U.S.C § 1915(g), provides that a prisoner may not file an *in forma pauperis* civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.